[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 27 August 1993 Date of Application: 16 September 1993 Date Application Filed: 20 September 1993 Date of Decision: 22 March 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at West Hartford. CR 930078135 and CR 930077415.
Ronald Gonzalez, Esq., for the Petitioner
John Dropick, Esq., Ass't. State's Atty. for the State
[BY THE DIVISION]
The petitioner pled guilty to Larceny 6th in violation of Connecticut General Statute § 53a-125b; Forgery 2nd in violation of Connecticut General Statute § 53a-139; Criminal Impersonation in violation of Connecticut General Statute § 53a-130 and Failure to Appear 2nd in violation of Connecticut General Statute § 53a-173. The sentencing court imposed 90 days to serve on the Larceny 6th, five years to serve on the Forgery and six months to serve on the Criminal Impersonation. These sentences were to run concurrent to each other for a CT Page 4333 total sentence of five years to serve. The court then imposed a sentence of one year to serve on the Failure to Appear which was to run consecutive to the previously imposed sentence. The total sentence given by the court was six years to serve.
The record shows that the petitioner participated with other people in a shop-lifting scheme to steal children's clothing from Filene's department store in West Hartford. When the police investigated they found that the petitioner was arrested for theft of credit cards in the postal system. She was charged with all the crimes indicated.
At the hearing before the Division counsel for the petitioner claimed that the sentence imposed by the court was too heavy for the crimes charged. Counsel also noted that the sentencing court concluded that the petitioner was "a drug addict who refuses to really acknowledge that [she] has a problem." Counsel felt there was no evidence in the record to support such a conclusion and that this panel reconsider the sentence imposed by the court. In his remarks to the panel, counsel felt that the court did not give enough credit to the petitioner for her cooperation with the police. Lastly, counsel felt that the petitioner was punished more severely than the co-defendants and that this panel should reduce her sentence since it is disproportionate.
The attorney for the state pointed out that the petitioner committed the crimes for money and that the sentence imposed by the court was appropriate considering the criminal history of the petitioner.
In reviewing the remarks of the sentencing court, it is clear that the court found the petitioner's criminal history disturbing. The court found the pre-sentence investigation to be "not a particularly good pre-sentence report." He noted that the petitioner was given an opportunity to change her mode of conduct in the past and failed to change. The court stated that the petitioner stole mail, cashed people's checks and abused her fiduciary relationship as a, postal employee. He called the petitioner a thief and concluded that she was a drug addict . . . "who refuses to really acknowledge that you have a problem." The court then went on to take into consideration all of the above factors when imposing sentence. In reviewing the pre-sentence investigation that the court relied upon heavily, the panel notes that in the criminal CT Page 4334 history section of the report it states, "As conditions of probation the offender was ordered to complete four months of house arrest, any substance abuse treatment required and make restitution of $1,254.15. While on probation, the offender paid only $20.00 in restitution and she provided urine samples which tested positive for illegal drugs. She was subsequently referred to out-patient substance counseling. While the offender did attend several sessions with a counselor, she failed to speak to the counselor in any meaningful way." With the sentencing court having the ability to observe the demeanor and attitude of the petitioner along with the probation data provided which indicates that there was an on-going drug problem, this panel cannot find the conclusion of the court that the petitioner was a drug addict so egregious that the sentence imposed was inappropriate under Practice Book Section 942. Further, although counsel has indicated that the co-accused have received dispositions less than that of the petitioner, there is no evidence that the court was aware at the time of sentencing of the other dispositions. The record shows that the court clearly relied on the record before it to impose its sentence. In light of the criminal history of the petitioner, the nature of the crimes, this panel finds that the sentence imposed to be appropriate. THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J., participated in this decision.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 4340